JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BLACK,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | Case No. ED CV 24-544 MWF (MRW)<br><br>**ORDER DISMISSING ACTION** |

The Court dismisses this action without prejudice due to the failure of a pro se litigant to comply with a court order and for failure to assert a cognizable claim.

\* \* \*

1.   Petitioner James Black is an inmate at the federal prison facility in Victorville. He is currently serving a 300-month sentence based on his 2007 criminal conviction on federal bank robbery and assault charges.[1]

---

[1]   The Court draws upon the dismissal order from Petitioner's previous habeas corpus action in this district. Black v. Entzel, No. CV 17-1158 MWF (MRW) (C.D. Cal.).

2. His current habeas action advances a cursory claim that he has been unconstitutionally denied the ability to earn certain credits under the First Step Act. According to his amended petition, Petitioner seeks a review of his preclusion from receiving earned time credits under the FSA "on the grounds that the BOP has violated the Equal Protection Clause of the Fourteenth Amendment and is contrary to the goals and intent" of the statute. (Docket # 6 at 1.)

3. Pursuant to 28 U.S.C. § 1915(e)(2) and local practice, Magistrate Judge Wilner screened the original petition. (Docket # 4.) The magistrate judge observed that the petition "contains no facts regarding the basis of Petitioner's claim. It also presents no understandable legal argument as to why the statute at issue allegedly violates the Constitution. At most, Petitioner presents a conclusory assertion that he has been discriminated against. The petition contains no comprehensible explanation or theory as to why this is so." (Id. at 1-2.) The screening order dismissed the petition with leave for Petitioner to amend his pleading.

4. Petitioner subsequently filed an amended petition. (Docket # 6.) The amended petition contained a lengthier exposition regarding the purpose of the First Step Act. However, Petitioner failed to include any additional factual information about his individual claim.

\* \* \*

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to

| | |
|---|---|
| 1 | district judge "if it plainly appears from the face of the petition [ ] that the |
| 2 | petitioner is not entitled to relief |
| 3 | 6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to |
| 4 | comply with these rules or a court order, a defendant may move to dismiss |
| 5 | the action or any claim against it."  Dismissal also may be ordered by the |
| 6 | Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). |
| 7 | 7. Dismissal of a civil action under Rule 41 may be appropriate to |
| 8 | advance the public's interest in the expeditious resolution of litigation, the |
| 9 | court's need to manage its docket, and to avoid the risk of prejudice to |
| 10 | defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). |
| 11 | Additionally, a court should consider the public policy favoring disposition |
| 12 | of cases on their merits and the availability of less drastic alternatives in |
| 13 | its evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). |
| 14 | * * * |
| 15 | 8. Any federal pleading must contain a "short and plain |
| 16 | statement of the claim showing that the pleader is entitled to relief."  Fed. |
| 17 | R. Civ. P. 8(a)(2).  In a habeas corpus action under Section 2241, that |
| 18 | requires a concise presentation establishing that a prisoner is "in custody |
| 19 | in violation of the Constitution or laws or treaties of the United |
| 20 | States."  28 U.S.C. § 2241(c)(3).  Under these broad principles, a civil |
| 21 | complaint or habeas petition "requires a showing, rather than a blanket |
| 22 | assertion, of entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 |
| 23 | U.S. 544, 556 (2007). |
| 24 | * * * |
| 25 | 9. The Court concludes that dismissal of this habeas action |
| 26 | without prejudice is appropriate.  Neither of Petitioner's proposed |
| 27 | pleadings advances any understandable federal constitutional or statutory |
| 28 | |

claim. Even after the magistrate judge informed Petitioner that he needed to explain the factual basis of his claim. Petitioner failed to do so. Twombly, 550 U.S. at 556. Plaintiff's inability to present a colorable claim in the litigation or to follow the magistrate judge's order demonstrates that he cannot advance the action here.[2] By contrast, the Court, the government, and the public have a strong interest in terminating this action.

10. Furthermore, because Petitioner is a pro se litigant who did not comply with the magistrate judge's previous order and cannot establish federal court jurisdiction here, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court finds that dismissal is appropriate under Rule 41(b).

11. Therefore, the present action is DISMISSED without prejudice pursuant to Rule 41.

IT IS SO ORDERED.

Dated: May 9, 2024

MICHAEL W. FITZGERALD
United States District Judge

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner's minimalist filings also suggest that he has not properly exhausted his claims in administrative proceedings with the BOP. Although this is not a basis for dismissing the action, it is relevant to assessing the viability of his federal case.

4